UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCELLINA M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5282-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinions, discounting Plaintiff's testimony, discounting a lay statement, and finding Plaintiff capable of performing her past relevant work. (Dkt. # 11 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1969; is three semesters short of graduating from college with a degree in digital technologies and culture; and has worked as a blanket operator, senior operator,

ORDER - 1

estimating assistant, and document preparer. AR at 274-75, 958-60, 962-63. At the most recent administrative hearing, Plaintiff was gainfully employed as a test operator. *Id.* at 960-61.

In December 2013, Plaintiff applied for benefits, alleging disability as of May 5, 2008. AR at 231-53. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 149-56, 161-81. After the ALJ conducted a hearing in February 2016 (*id*. at 47-75), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 24-46.

The Appeals Council denied Plaintiff's request for review (AR at 1-8), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington affirmed the ALJ's decision (*id*. at 1047-68), and Plaintiff appealed to the Ninth Circuit. The Ninth Circuit granted the parties' stipulation to remand this case because the ALJ's appointment was unconstitutional, in light of an intervening Supreme Court decision. *Id*. at 1034.

On remand, a different ALJ conducted a hearing in November 2021 (AR at 953-81), and subsequently issued a decision finding Plaintiff not disabled.[1] *Id.* at 925-44. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 5.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[1] The ALJ found that Plaintiff had no twelve-month periods since June 2016 where she did not engage in substantial gainful activity, and therefore the ALJ found her not disabled at step one during that time period due to her work activity. AR at 928. The ALJ continued through the remainder of the sequential evaluation for purposes of determining whether Plaintiff was disabled during the time that she did not engage in substantial gainful activity (*i.e.*, May 5, 2008 (the alleged onset date) to May 31, 2016).

ORDER - 2

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err in Assessing Medical Opinion Evidence

Plaintiff contends that the ALJ erred in discounting opinions provided by examining psychologists Tobias Ryan, Psy.D., and David Morgan, Ph.D., and raises other miscellaneous assertions of error.[2]

##### 1.   Legal Standards[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a

---

[2] The section of Plaintiff's opening brief that is dedicated to arguing that the ALJ erred in assessing the medical opinion evidence also contains a lengthy summary of the medical evidence, which does not advance Plaintiff's assignment of error. (Dkt. # 11 at 3-12.)

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2. Dr. Ryan's Opinion

Dr. Ryan examined Plaintiff in May 2014 and wrote a narrative report describing her mental symptoms and limitations. AR at 610-15. Dr. Ryan opined that Plaintiff was: (1) unimpaired as to her ability to perform simple, repetitive tasks and her ability to accept instructions and interact with others; (2) mildly to moderately impaired as to her ability to perform detailed or complex tasks; and (3) moderately impaired as to her ability to maintain a daily/weekly schedule due to chronic pain. *Id*. at 615. Dr. Ryan described Plaintiff as within normal limits in the areas of reasoning, understanding and memory, sustained concentration and persistence, and interaction, and limited as to adaptation. *Id*.

The ALJ gave some weight to Dr. Ryan's opinion, discounting the adaptation limitation as vague, and the schedule limitation as inconsistent with Plaintiff's ability to succeed in college and work during the adjudicated period. AR at 940. Plaintiff argues that Dr. Ryan's opinion is supported by her testimony about the impact of her fibromyalgia (dkt. # 11 at 8), but this argument is unrelated to the ALJ's reasons for discounting Dr. Ryan's opinion. The ALJ accurately noted that Dr. Ryan did not identify any functional limitations that flow from Plaintiff's adaptation deficits, but the ALJ nonetheless included adaptation limitations in the RFC assessment. *See* AR at 932 (requiring that Plaintiff must work in a routine work setting involving no more than occasional workplace changes). The ALJ also pointed to activities that are inconsistent with a moderate impairment in the ability to maintain a daily/weekly schedule, namely college enrollment and full-time work.

These are specific, legitimate reasons to discount Dr. Ryan's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Plaintiff has failed to meet her burden to identify a harmful legal error in the ALJ's assessment of Dr. Ryan's opinion.

        3.     *Dr. Morgan's Opinion*

Dr. Morgan examined Plaintiff in September 2015 and completed a DSHS form opinion describing multiple disabling mental limitations. AR at 664-68. The ALJ gave little weight to this opinion, finding that Dr. Morgan's mental status examination findings "differ[] sharply" from other findings in the record, and that his conclusions were inconsistent with Plaintiff's improvement with a routine and conservative course of mental health treatment, and also inconsistent with Plaintiff's ability to take college classes and work during the adjudicated period. *Id*. at 940-41.

Plaintiff argues that the variability in her mental status examinations demonstrates that her symptoms wax and wane (dkt. # 11 at 11), but the ALJ accurately noted that most of the other mental status examination findings were largely normal, which supports the ALJ's interpretation that Dr. Morgan's findings were the outlier. *See* AR at 941. Furthermore, Plaintiff's opening brief does not challenge the ALJ's other lines of reasoning, such as the inconsistency between Dr. Morgan's conclusions and Plaintiff's improvement with a conservative course of treatment, and the inconsistency with Plaintiff's college coursework and

ORDER - 5

work activity during the adjudicated period. These are additional specific, legitimate reasons to discount Dr. Morgan's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Rollins*, 261 F.3d at 856. Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's assessment of Dr. Morgan's opinion.

4.   *Miscellaneous Arguments*

Plaintiff suggests that the ALJ should have acknowledged that a June 2010 workers' compensation opinion would support a finding of disability from May 2008 through June 2010. (Dkt. # 11 at 6.) Plaintiff does not explain why the opinion would support that conclusion, however; the examiner noted that Plaintiff had been unable to return to her previous job during that time, but (consistent with the limited scope of a workers' compensation examination) provided no opinion about her ability to work generally during that time. *See* AR at 381. The ALJ's decision is in fact consistent with this opinion because the ALJ found that Plaintiff was limited to sedentary work, whereas the job discussed in the opinion was at the medium exertional level. *See id*. at 55-56, 70, 375. Thus, Plaintiff has not shown that the ALJ's failure to acknowledge this workers' compensation opinion impacted the ALJ's disability determination.

Next, Plaintiff argues that the ALJ erred in discounting the March 2011 opinion of examining psychologist Scott Alvord, Psy.D., as internally inconsistent because Dr. Alvord noted that Plaintiff had a depressed mood and a downtrodden affect. (Dkt. # 11 at 6.) But these findings do not pertain to the internal inconsistency identified by the ALJ: the ALJ found that Dr. Alvord's suggestion that Plaintiff could not work was inconsistent with the mild or mild-to-moderate functional limitations he described. AR at 939 (referencing *id*. at 521-24). Dr. Alvord's findings as to Plaintiff's mood/affect do not undermine the ALJ's reasoning with respect to the

ORDER - 6

inconsistent functional limitations. Plaintiff has not shown that the ALJ erred in discounting Dr. Alvord's opinion based on the internal inconsistency the ALJ identified. *See Bayliss*, 427 F.3d at 1216 (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

Lastly, Plaintiff argues that the ALJ erred in discounting the March 2011 opinion of examining physician Peter Pfeiffer, M.D., because "Dr. Pfeiffer's findings confirm that [Plaintiff] had medical impairments that could reasonably be expected to cause pain." (Dkt. # 11 at 6.) But the ALJ did not dispute this point: the ALJ explicitly found that Plaintiff had multiple severe impairments that could reasonably be expected to cause her alleged symptoms, including pain. *See* AR at 928, 933. The ALJ limited Plaintiff to performing a limited range of sedentary work in light of these impairments. *Id*. at 932. Thus, because Plaintiff's contention does not pertain to the ALJ's stated assessment of Dr. Pfeiffer's opinion or demonstrate error in that assessment, Plaintiff has failed to show error in this portion of the decision.

Because Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's assessment of any of the medical opinion evidence, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Err in Discounting Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) the objective medical evidence did not support and was inconsistent with her allegations of disabling limitations; (2) Plaintiff's conditions improved with conservative treatment; and (3) Plaintiff's activities, including full-time work, were inconsistent with her alleged limitations. AR at 933-38. Plaintiff argues that these reasons are not clear and

convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff contends that the ALJ could not discount her allegations solely due to lack of objective corroboration (dkt. # 11 at 12-13), but, as listed in the previous paragraph, the ALJ provided other reasons to discount her testimony as well.

Next, Plaintiff argues that the ALJ erred in relying on her activities as a reason to discount her allegations because none of her activities were either inconsistent with her allegations, nor do they demonstrate transferable work skills. (Dkt. # 11 at 13.) But the ALJ specifically pointed to Plaintiff's ability to work full-time during the time period that she alleged that she was disabled, and this activity is inconsistent with an allegation of disability. *See* AR at 937. The ALJ also noted that Plaintiff was able to attend college as well during the adjudicated period, which is reasonably inconsistent with the physical and mental limitations she alleges. *See, e.g., id*. at 268 (Plaintiff's function report, describing problems with most physical activities, as well as problems with completing tasks and concentration). For example, she testified at the 2016 hearing that she was attending college four days per week and enrolled in 13 credits. *Id*. at 53, 62-63. The ALJ did not err in finding that Plaintiff's demonstrated ability to work, as well as her ability to complete significant college coursework, was inconsistent with her allegations, and did not err in discounting her allegations on this basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine a claimant's allegations where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Although Plaintiff attempts to focus the Court's attention on a portion of the adjudicated period, by requesting a closed period of disability from May 5, 2008, through May 31, 2016 (dkt. # 11 at 2), such a request does not negate Plaintiff's allegation of disability throughout the entire

ORDER - 8

adjudicated period, a contention she reaffirmed at her hearing in November 2021, when she was working full-time. *See* AR at 960-64, 977-78. Plaintiff's tacit admission that she was not disabled as of June 1, 2016, undermines the reliability of her allegation of disability and does not advance her assignment of error in the ALJ's decision.

Because the ALJ provided clear and convincing reasons to discount Plaintiff's allegations, the Court affirms this portion of the ALJ's decision.

### C. The ALJ Did Not Err in Discounting a Lay Statement

Plaintiff's vocational rehabilitation counselor, Trisha Smith, wrote a statement in June 2014, indicating that Plaintiff's chronic pain and mental health prevented her from maintaining employment and that her treatment since 2006 had been unsuccessful. AR at 345-46. The ALJ found that, contrary to Ms. Smith's statement, treatment had successfully improved Plaintiff's symptoms as to neck and shoulder pain, fibromyalgia, diabetes, and depression. *See id*. at 941. The ALJ also found Ms. Smith's statement to be contradicted by the many normal examination findings in the record; the evidence of improvement with conservative care as to diabetes, neuropathy, headaches, and mental health; and Plaintiff's ability to take college classes and work from 2016 through 2021. *Id*. Plaintiff argues that the ALJ failed to provide a germane reason to discount Ms. Smith's statement, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues that none of the ALJ's reasons are germane to Ms. Smith because her opinion is consistent with the evidence from May 5, 2008, though May 31, 2016. (Dkt. # 11 at 17.) The ALJ properly addressed the entire adjudicated period, however, and much of the evidence he found to be inconsistent with Ms. Smith's letter dates to the period between May 5,

ORDER - 9

2008, and May 31, 2016.[4] Plaintiff has not shown that the ALJ erred in finding Ms. Smith's statement to be inconsistent with medical evidence and Plaintiff's activities, or in discounting it on that basis. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164; *Bayliss*, 427 F.3d at 1218. Accordingly, the Court affirms this portion of the ALJ's decision.

### D.  The ALJ Did Not Harmfully Err at Step Four

At step four, the ALJ found Plaintiff not disabled because she was able to perform a job she performed in 2021. *See* AR at 942. Plaintiff argues that because she performed this job in 2021, it cannot be considered *past* relevant work for the period from May 5, 2008, through May 31, 2016. (Dkt. # 13 at 9.) But the ALJ proceeded beyond step four and found at step five that Plaintiff was capable of performing other representative occupations. *See* AR at 942-43. Thus, any error at step four is harmless. *See Tommasetti*, 533 F.3d at 1037.

Although Plaintiff suggests (dkt. # 13 at 9) that the vocational expert's ("VE") testimony would support a finding of disability for the period from May 5, 2008, though May 31, 2016, this suggestion is not supported by the record. The VE testified that *if* Plaintiff had limitations that the ALJ did *not* find that she had, Plaintiff would be unemployable, but that testimony does not suggest that, based on the RFC assessment entered by the ALJ, Plaintiff should be found disabled. Because Plaintiff has not established error in the ALJ's RFC assessment, for the reasons explained *supra*, Plaintiff's attempt to rely on this portion of the VE testimony is unavailing.

---

[4] *See, e.g.*, AR at 343-44 (Plaintiff's college transcript for 2011-2014), 480 (back pain improved with medication in July 2010), 523-24 (many normal mental findings in March 2011), 528 (many normal physical findings in March 2011), 611-12 (many normal mental findings in May 2014), 617 (June 2014 reports of improvement in fibromyalgia, depression, and headaches with medication), 637 (August 2014 reports of improvement in mental functioning with a reduction in pain medication).

ORDER - 10

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of November, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge